FORREST CITY BOX COMPANY *v.* LATHAM.

Opinion delivered June 14, 1920.

1. APPEAL AND ERROR—INSTRUCTIONS NOT ABSTRACTED—PRESUMPTION. —Where the instructions are not abstracted, it will be conclusively presumed that the jury was correctly instructed on the questions of law in the case.

2.  Logs and logging—Damages for breach of contract—Evidence.
    —In an action against a box company for breach of a contract
    of employment of plaintiff to cut and deliver logs, where defend-
    ant gave the same contract to another at the same price, and
    plaintiff offered testimony tending to show the profit he would
    have made under the contract if allowed to perform it, it was
    error to exclude testimony of the person who took the contract
    that he lost money in carrying it out, although he was an experi-
    enced logger and employed approved methods.

Appeal from Union Circuit Court; *C. W. Smith*, Judge; reversed.

*W. E. Patterson*, for appellant.

1. There was no legal evidence to support the verdict. 25 Ark. 49; 42 *Id.* 528; 103 *Id.* 58; 219 S. W. 323.

2. It was prejudicial error in refusing to permit defendant to show the actual cost of delivering the logs in controversy and that the cost of delivery was to be actually more than plaintiff was to be paid. The question was proper.

Smith, J. Appellee recovered judgment for damages on account of an alleged breach of a contract which he claims to have had with appellant company to cut and deliver certain logs. The existence of the contract was denied, but on appellee's behalf one Reynolds testified that he had been engaged in logging for appellant for two years, when Mr. Girard, the superintendent of appellant, asked him to include in his contract the logs which form the subject-matter of this litigation. Reynolds was unable to do so, but promised Girard that he would find him a man who would take the contract. Reynolds testified that he was authorized to offer $4 per thousand for cutting and floating out the logs, and pursuant to this authorization he employed appellee to do the work.

On appellant's behalf it was denied that Girard made any such contract, or that he had the authority to do so, and it is contended by appellant that the logs in question were included in Reynolds' contract. Girard knew appellee was at work but supposed he was employed by Reynolds. On appellee's behalf the testimony tends to

show that Girard had the authority to make the contract, or to authorize Reynolds to do so, and that he knew the contract had been made, and that appellee was engaged in its execution.

According to appellant, Reynolds abandoned his contract, and it became necessary for appellant to employ another party to get out the logs, and that this contract was given to one Bunn Robinson at $4 per thousand.

The instructions are not abstracted, and it will, therefore, be conclusively presumed that the jury was correctly instructed on the questions of law in the case, including the circumstances and conditions under which Girard could bind appellant, and, without discussing the various discrepancies pointed out in the testimony, it may be said that, if the testimony offered on appellee's behalf is accepted as true, it is legally sufficient to support a finding that Girard had the authority to make the contract for the company, or, rather, that it was within the apparent scope of his authority to do so.

Appellee offered testimony tending to show the profit he could and would have made under the contract if he had been allowed to perform it. Bearing upon this question of profit, Bunn Robinson testified that he took the contract to float and raft the logs in question for $4 per thousand, and that he had experienced men working for him. That in floating the logs he used the methods ordinarily employed by himself and other experienced men, but that in rafting the logs he used chain-dogs, instead of pins, as that method was less expensive, took less time, and was easier done.

After stating that he had logged and rafted with his father, who was an experienced rafting and logging man, Robinson was asked this question: "Under this contract or arrangement you had for taking out these logs at $4 per thousand, delivered, managed in the way your father had managed and others with whom you had had experience, what was the cost in this instance of delivering the logs from the brake to the mill more than $4?" Objection to this question was made on the ground that "That is not

the criterion." This objection was sustained, whereupon counsel for appellant offered "to show by this witness that he took the contract from defendant to float and raft the logs in controversy from the brake to the mill at $4 per thousand, and did in the usual way float and raft the logs to the mill, and that the cost of so doing exceeded $4 per thousand, and that witness lost money on the operation." The court declined this testimony offered, and exceptions were saved to that ruling.

We think the offered testimony should have been admitted. It was competent to show that no profit could be made out of the contract, and that was the purport of the excluded testimony. The witness proposed to testify about the identical logs which form the subject-matter of this litigation, and that, notwithstanding the fact that he was an experienced logger, and employed approved methods, he sustained an actual loss, although he was paid the price claimed by appellee.

It is finally insisted that the verdict is excessive; but as the judgment is to be reversed on another ground, we do not pass upon that question.

For the error indicated, the judgment is reversed and the cause will be remanded for a new trial.